316

## DOLE v. ERSKINE et al.

In trespass, to which the general issue was pleaded, the cause was referred to a commissioner, under the act of 1852, chapter 1210, who reported that one of the defendants was guilty and the other not guilty, and assessed damages against the party found guilty. The plaintiff elected to try the cause by the jury, as to the defendant found not guilty, and in his statement of the particulars in which he expected to change the result, set forth nothing more than that this defendant was guilty, and that the plaintiff sustained greater damages than those alleged in the writ. The other defendant also elected a trial by jury, and set forth in his statement of particulars, merely that he was not guilty, and that the plaintiff did not suffer damages as found by the commissioner. The parties proceeded to trial without exception to the statements of particulars.

*Held*, that the statements, though irregular and defective in form, opened to the jury, upon the trial, the questions as to the guilt of each of the defendants and the amount of damages.

In trespass to the person, proof that the plaintiff had for a long time previous to the assault entertained hostile feelings toward the defendant, and had, on a former occasion, committed an assault upon him, is inadmissible under the general issue or the plea of *son assault demesne*, or in mitigation of the damages. And the testimony is to be excluded, when offered and objected to by the adverse party, although similar testimony from other witnesses has been introduced by the same party, without objection from his adversary.

Under the act of December 26, 1848, chapter 704, depositions may be taken at any time, without the existence, at the time of taking, of any of the causes of caption specified in sec. 13, chap. 188 of the Revised Statutes; but to render depositions, so taken, admissible on the trial, one of the grounds for admitting them must then exist, which are specified in sec. 1 of that act.

Whether sec. 20, chap. 188, Revised Statutes, which requires the cause of caption to be certified, is repealed by the act of December 26, 1848, so far as relates to depositions thus taken, *de bene esse, quære ;* but if not, the cause of caption is sufficiently set forth, if the magistrate certifies that the deposition is taken for the purpose of being used at the trial, if any of the grounds upon which it may be admitted pursuant to the provisions of sec. 1 of the act, shall then exist.

Proof that a juror, who, upon being interrogated at the commencement of the trial, stated that he had heard the case talked about, but had formed no opinion in the case, had said three years before that from what he had been informed by a third person he thought the defendant was to blame in the transaction which was the subject of the suit, furnishes no ground for setting aside the verdict.

TRESPASS, for an assault and battery, alleged in the declaration to have been committed by the defendants, upon the plaintiff on the 13th day of November, A. D. 1854. Writ dated February 15, 1855.

The defendants severed in their defences, Erskine pleading, 1, the general issue ; and, 2, *son assault demesne ;* and Chase pleading, 1, the general issue ; 2, that the plaintiff commenced an assault upon Erskine, and that the defendant, Chase, interfered to prevent the same, using no more force than was necessary for that purpose ; and, 3, that the plaintiff and Erskine were engaged in fighting and breaking the peace, and that he interfered to prevent such fighting and breach of the peace, using no more force than was necessary for that purpose.

At the February term, 1856, this action was referred to a commissioner, who, having heard the parties, reported the following facts, among other matters, as having been found by him : viz.,

1. That Elijah B. Chase is not guilty.

2. That Hiram Erskine is guilty, and assessed damages against Erskine in the sum of fifteen dollars.

Erskine elected a trial by jury, and filed his statement of the particulars in which he proposed to change the result of the finding of the commissioner, which were the following : viz.,

" That he, the said Erskine, is not guilty, and that the plaintiff did not suffer damage as found by the commissioner."

The plaintiff also filed his statement of particulars, in which he proposed to change the result of the finding of the commissioner, which were the following : viz.,

" 1. That Chase is guilty, as the plaintiff in his writ has alleged."

" 2. That the plaintiff sustained greater damages than those alleged in his writ."

Upon motion of the defendants the court ordered that they be allowed separate trials. It was agreed by the parties that the jury should first, try the issue between the plaintiff and Chase, and find whether Chase was guilty or not guilty, and, thereupon, the same jury should, upon the evidence already before them, and such further evidence as either party might desire to introduce, try the issue as to whether Erskine was guilty or not guilty, and having found upon these issues in both cases, that the same jury should then proceed, if it became necessary, by the former findings, to assess damages against either or both of the defendants, in case the question of damages could properly be considered as an open one, upon the pleadings in this case. Upon the trial of the issue between the plaintiff and Chase, the plaintiff offered the deposition of Henry Erskine. The defendant objected to the certificate of the caption on the ground that the magistrate taking the same did not certify, in said certificate, the particular cause for taking said deposition. That portion of the certificate which set forth the cause of caption, is as follows :

" The cause of taking this deposition is, that the same may be used in conformity with the 13th section of the 200th chapter of the Compiled Laws of the State of New-Hampshire upon the trial of said cause, if at the time of such trial said Henry Erskine has deceased, is insane, is old and infirm, is sick or unable to attend the court, or lives out of said State, or is about to leave said State and not return before said trial, or lives more than ten miles from the place of said trial."

It was admitted that the deponent, at the time of the trial, lived out of this State.

The Court overruled the objection and admitted the deposition. To which ruling the defendant excepted.

The defendant offered as a witness one Jacob Sperry, who, if admitted, would have testified that from one to three years before the alleged assault, he had a conversation with the plaintiff in which the plaintiff stated to him that at some time prior to said conversation he had had a talk with Erskine, in the course of which he, the plaintiff, had spit in Erskine's face and called him a damned coward. The defendant offered this testimony to rebut the presumption that Erskine commenced or committed the first assault, and also in mitigation of damages, and also offered to prove that a feud had existed between the plaintiff and Erskine for some years previous to and down to the time of the alleged assault. The plaintiff objected to the testimony of Sperry as irrelevant to the issue then on trial between him and Chase. The court sustained the objection and excluded the witness. To which ruling the defendant excepted.

Before offering said Sperry the defendant had introduced one James G. Ashley, as a witness, who testified as follows:

"I had a conversation with Lemuel Dole, some time before his fight with Erskine. Cannot tell the time or place of this conversation. It might have been in 1854 or 1853. Dole told me that he and Erskine had had some difficulty growing out of their cattle and fences; that Erskine had had some of his cattle in his (Erskine's) field and had sent for him (Dole) to come up and see him, and that he, Dole, and his son George went up to Erskine's house; that he and Erskine commenced a conversation in Erskine's door-yard, and Erskine ordered him off. Dole said he refused to go. He said that Erskine then told his son to go into the house and bring out a watch, and then told him (Dole) that he might have five minutes to clear the premises, but that when the five minutes were out, Erskine

beat a retreat, and that he (Dole) followed him up, looking him right in the eye, and followed him into his shop; that Erskine then told him to leave but that he declined to do so. I then asked Dole why he did not go, and he said he would not; that he would have gone for me or any other man, but he would be d——d if he would for Erskine. Dole said that he had confidence in himself and did not fear Erskine. Dole might have said that Erskine had no courage, but I am not positive."

On cross-examination the witness said:

"I do not know as I ever had any controversy with Dole—am on good terms with him. Dole once sued my son-in-law, Mr. Hilliard, and I settled the suit. Dole said that Erskine had a hammer in his hand which he kept swinging before him, but I do not recollect as Dole said that Erskine threatened to beat out his brains. This conversation might have been prior to 1850. I cannot tell the year, but it was after the Hilliard suit, I think."

This testimony was introduced without any objection on the part of the plaintiff. Several other witnesses were then examined, and then said Sperry was offered as above stated. On being requested by the plaintiff to state what he expected to prove by said Sperry, the defendant said that he was offered upon the same points as testified to by Ashley, and stated in substance what he expected the witness would state. The plaintiff then made his objection as above stated. Whereupon the defendant stated the grounds upon which he claimed to have the testimony admitted, being the two grounds above stated, " to rebut the presumption," &c., " and in mitigation of damages," and these only, and the court excluded the testimony.

Before the charge was given to the jury, the defendant moved the court to instruct the jury that upon the issues made by the commissioner's report, and the plaintiff's statement of particulars in which he proposed to change the result of the report, they could only find that the de-

fendants were guilty, and could find nothing upon the question of damages. The court declined so to instruct the jury, but did instruct them that if they found the defendants, or either of them, guilty, they might consider and pass upon the question of damages ; to which refusal and charge the defendants excepted.

Upon the trial of the issue between the plaintiff and Erskine, the testimony of said Jacob Sperry was not offered by the defendant. With that exception the same questions were raised and the same exceptions taken to the rulings in the trial of Erskine as in that of Chase.

The jury returned a verdict for the plaintiff for $175 damages, which the defendants move the court to set aside for supposed error in the said rulings of the court.

The defendants also move to set aside the verdict for misconduct on the part of certain jurors who tried the cause. The misconduct alleged and the evidence in relation to it appear in the opinion of the court.

*Ticknor,* (*Burke and Waite* with him) for the defendants.

1. The plaintiff undertakes, by his statement of particulars, to claim damages, not only above those assessed by the commissioner, but above those claimed *in his writ.* This he could not do. He is confined to the *ad damnum* in his declaration. The statement of particulars, in this respect, amounts to nothing, and the question of damages was not therefore an open one.

2. The deposition of Henry Erskine ought not to have been received at the trial. It seems to us that this conclusion must be reached by a fair interpretation of the statutes now in force, which bear upon this question. These statutes are sections 13 and 20 of Chapter 188, Revised Statutes, and the act of December 26, 1848 (Chapter 704, Pamphlet Laws.) The 13th section of Chapter 188 of the Revised Statutes, and the act of December 26, 1848, are identical with sections 13 and 20 of the Compiled Stat-

utes. But the 20th section of Chapter 188, Revised Statutes, is not repealed, and being *in pari materia* is to be taken and construed with the other statutes. The purpose of the act of 1848 was to *limit the operation* of the 13th section of Chapter 188 of the Revised Statutes, so that depositions taken for sufficient cause existing at the time of caption, should only be used where that cause continues to exist up to the time of the trial. Any other interpretation would render wholly nugatory the 20th section of the 288th Chapter of the Revised Statutes (section 20, Chapter 200, Compiled Statutes.)

It cannot be said, with any legal propriety, that any cause of caption is certified by the magistrate before whom this deposition was taken. All that the caption amounts to, is that the deposition is intended to be used, if, before the trial, any circumstance should intervene which would be a cause of caption.

The statute requires that the cause of caption should be certified by the magistrate. How can a cause of caption be certified, where none exists at the time ?

3. The testimony of Jacob Sperry was erroneously rejected. It would have shown, or tended to have shown, what the probabilities were in regard to who committed the first assault. This was offered in support of Chase's second plea, and ought to have been received.

4. It was competent, in support of the third plea of Chase, to show that a feud had existed between the plaintiff and Erskine prior to the time of the affray, which was the subject of the action. This evidence would have tended to show how the affray probably originated, and that Chase probably became involved in it in the manner set forth in his third plea. This evidence ought, therefore, to have been received.

5. We submit that the juror, Aaron C. Marshall, appears, from all the evidence taken together, to have been, at the time of the trial, laboring under that species of bias that

Dole *v.* Erskine.

ought to be held to disqualify him to sit as a juror in the case, and that the verdict, for that reason, ought to be set aside.

*Snow*, for the plaintiff.

1. The deposition of Henry Eskine was properly admitted. Under the Revised Statutes, depositions could be *taken* only for cause. By an amendment, made in 1848, (see Compiled Laws, chap. 200, sec. 13) it was wisely provided that depositions could be taken, but could be *used* only for cause. Since 1848 no specific cause of caption could, with propriety, be assigned, and if it were necessary to set forth a cause of caption, (which, of course, is denied) it could be only the general one given in this case.

2. On the trial of the issues between the plaintiff and Chase, the testimony of Jacob Sperry was irrelevant, and properly rejected. And if such testimony had been offered, on the trial of Erskine, and had not been rejected on the ground of its irrelevancy or remoteness, it would have had a tendency to prove that Erskine, instead of the plaintiff, commenced the first assault.

3. Damages were properly assessed by the jury. This matter was fully opened by the statement of particulars, made by Erskine, as well as by the plaintiff's statement.

*Waite*, in reply.

The interpretation sought to be put upon the act of December 26, 1848, by the counsel for the plaintiff, would wholly nullify that part of sec. 20 of chap. 188 of the Revised Statutes, which provides expressly that "the magistrate, taking any deposition, shall certify the *cause* of taking the same."

Besides, if this is the true interpretation of that statute, the work of the legislature is one of supererogation; for if it is apprehended that a party may otherwise lose the testimony of a material witness, he may take his deposition

in *perpetual remembrance,* under secs. 24 and 29 of chap. 188 of the Revised Statutes. There is no restriction as to the cases in which depositions, taken under these provisions, may be used. And although they are broad enough to include other cases, yet under them depositions may be taken and used in cases precisely like the one at bar. It would, therefore, be absurd to suppose that the legislature intended any such result to follow the act of December, 1848, as that contended for.

SAWYER, J. When an action is referred to a commissioner, under the statute of 1850, chap. 1210, each party is required to file a statement of the facts which constitute his case; and it is made the duty of the commissioner to try the questions of fact so raised, and to report to the court such of them as he may find to be proved upon the hearing before him. On the return of his report, the court is to render such judgment as is warranted by the facts reported, unless either party shall elect to try the case by a jury; in which case, such party is to file a statement, in writing, of the particulars in which he expects to change the result, and the verdict is required to be specifically upon the facts put in issue by the statement. The court is then to render such judgment as may be warranted by the facts so found.

It is obvious that the statute contemplates the finding, by the commissioner, of the facts in the case, and the rendering of judgment upon them as upon a special verdict, unless an issue be raised for the jury upon some of the facts reported. The mode in which the issue is to be raised, is by the statement of particulars in which the party expects to change the report, by a finding of the jury at variance with the report in the particulars embraced in the statement. If the jury sustain the report, by finding the facts put in issue by the statement of particulars in accordance with the report, the report stands unaffected

Dole *v.* Erskine.

by the trial before the jury. But if the finding of the jury is at variance with the facts as reported by the commissioner, in the particulars embraced in the statement, then the facts found by the jury are to be considered as modifying or correcting the report. The facts, so found by the jury, being considered as incorporated into the report, in place of those found by the commissioner in reference to the matters put in issue by the statement of particulars, such judgment is to be rendered upon the report so modified as the facts will warrant.

The report, in this case, found Chase not guilty. As to him the plaintiff made an issue to the jury, by filing his statement of the particulars in which he expected to change the result, setting out that this defendant was guilty as alleged in the writ, and that the plaintiff sustained greater damages than those alleged in the writ. This form of statement is not, perhaps, technically accurate, but it may be considered as substantially all that is required. It is, in effect, a statement that the plaintiff expected to change the result upon the trial by the jury, by proving to them, and by their finding, that Chase was guilty as alleged, and that the plaintiff was entitled to damages, as against him, equal to those claimed in the writ. If the form of the statement was objectionable, the objection should have been made before proceeding to trial. It was substantially such as to make an issue upon the finding of the commissioner, that Chase was not guilty, and necessarily upon the question of damages to be assessed against him, if he should be found guilty. It is too late to raise this objection to the form of the statement, after verdict.

So, also, in reference to the other defendant, Erskine, the report finds that he is guilty, and finds the damages, as against him, to be $15. This defendant made an issue to the jury, upon these findings, by filing his statement of the particulars in which he expected to change the result:

namely, by showing that he was not guilty, and that, as to him, the plaintiff was not entitled to damages to the amount found by the commissioner.

The second point set forth in the plaintiff's statement of particulars, to wit, that he sustained greater damages than those alleged in his writ, may also properly be considered, as in substance, a statement by him of the particular in which he expected to change the result, as to this defendant. The jury have assessed the damages against both defendants at $175. It must be understood that the damages alleged in the writ are equal, at least, to this sum. The statement of the plaintiff is, therefore, in effect, as to Erskine, a statement that he expected to change the result as to him, by proving to the jury, and by their finding, greater damages than those found by the commissioner.

The question of damages, as to both defendants, was thus made an issue to the jury.

The testimony of Sperry was properly rejected. The familiar rule governing in the production of evidence, is that it must be confined to the point in issue, thus excluding all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal matter in dispute. Here, the matter in issue between the plaintiff and Chase, the defendant offering the testimony, was an alleged assault in 1854. The testimony offered was of a conversation between the plaintiff and witness, held from one to three years before the alleged assault, in reference to another distinct transaction between the plaintiff and the other defendant, Erskine, of a date anterior to the conversation, and in no way connected with the alleged assault, or with any of the circumstances in which it originated, or by which it was attended. If an assault were committed by the plaintiff upon Erskine, prior to the assault in question, having no connection with it or with any of its circum-

stances; or if a state of enmity between them resulted from the first assault, which continued down to the time of the last, these facts could furnish no just ground for the inference that the defendant, Chase, did not assault the plaintiff, as alleged, nor that the plaintiff committed the first assault, upon the occasion in question, upon Erskine, nor that Chase interfered between them to prevent a breach of the peace. They were collateral matters, having no relevancy to the issue.

It is also clear, that there is no ground on which the testimony could have been received in mitigation of damages, unless the principle be recognized that Chase should be held to pay less for his assault upon the plaintiff, because the plaintiff had formerly been guilty of an assault upon a third person.

Nor is the testimony any the less incompetent, because similar testimony, from other witnesses, had been introduced, whether by Chase or Erskine, without objection from the plaintiff. A party is at liberty, if he please, to waive objection to irrelevant testimony, when offered by his adversary, from the mouth of one witness, and to object to evidence of the same facts, when offered from another source. If irrelevant, it is to be excluded by the court when seasonably objected to, although like testimony may have been received because not objected to. Under the provisions of the Revised Statutes, chapter 188, depositions, to be used in the trial of civil causes, are admissible only when some one of the causes exist for the taking which are specified in section 13 of that chapter; namely, when the witness is sick, is old and infirm, lives out of the State, or more than ten miles from the place of trial, and when he is about to leave the State, and not to return before trial. One of the particular cases so specified, and which renders the taking necessary, must exist at the time of taking. Section 20 requires it to be set forth, among other things, by the magistrate, in

his certificate, as the cause of caption. All of the cases specified in section 13 are such as may exist at the time of taking, and one of them — being about to leave the State, and not to return before trial, cannot be predicated of the time of trial, but must, from the nature of the case, be referred to the time of taking. Under the Revised Statutes and under the preceding acts of December 31, 1828, and of February 9, 1791, of which the Revised Statutes are substantially a reënactment, it has always been held that the cause must exist at the time of caption, and need not at the time of trial. But by the enactment of December 26, 1848, chapter 704, a material change of the law was made in this respect. Section 1, of this act, provides that the deposition of any witness, in a civil cause, may be taken, and may be used on the trial, if, at the time of trial, the witness has deceased, is insane, old and infirm, sick or unable to attend court, or lives out of the State, or more than ten miles from the place of trial. The cases thus enumerated, in which depositions may be used, are all such that they may exist at the time of trial, and two of them — the death and insanity of the witness — can arise only at that time, and not at the taking. This act omits all reference to the case of the witness being about to leave the State, and not return before trial, leaving that case, as it stood before, under the operation of the Revised Statutes. It is obvious, therefore, that by this act, it was intended either to provide that depositions, taken under the provisions of the Revised Statutes, for some cause therein specified, might be used on the trial, if some one of the cases enumerated in this act then existed, although the cause of caption, certified by the magistrate, had ceased to exist, or that it was intended to give it a wider application, by authorizing depositions to be taken, *de bene esse,* without the existence of any of the causes of caption enumerated in the Revised Statutes, and to be used on the trial if either of the grounds for admitting them should

Dole *v.* Erskine.

then exist, which are enumerated in this act. The object of the act is undoubtedly to enable parties to reduce the testimony of their witnesses to writing, in the form of depositions, and thus guard against the hazard of its loss, by reason of the subsequent death or insanity of the witnesses, and to avoid the expense and embarrassment of procuring it, when they have become old and infirm, sick, and unable to attend court, or have removed out of the State, or to some place remote from the place of trial. An act of this remedial character is to be construed liberally; and in order to give full effect to its provisions, it must be held that it was intended to authorize the taking of depositions at the pleasure of the party, without the existence of any of the causes of caption enumerated in the Revised Statutes; their admissibility on the trial depending upon the existence, then, of a state of facts, such as are specified in the act, as the ground for using them. Upon this view, section 20 of this chapter of the Revised Statutes remains unaffected by the act of 1848, as to depositions taken for the cause that the witness is about to leave the State, and not return before trial. Whether the provision of that section which requires the cause of taking to be certified by the magistrate in the caption, is to be considered as still in force in reference to depositions taken *de bene esse*, under the act of 1848, or whether, as to such depositions, the provision is to be considered as repealed, on the ground that the provisions of this act are repugnant to that, is unnecessary to be decided in this case. If it is in force, the cause of taking is here certified in the only mode in which it could be done conformably to the facts. In such case, the cause of caption can be nothing more than the object and purpose which the party has in view in taking, namely, that he may use the deposition on the trial, if the contingency shall then arise upon which its admissibility depends.

It is moved to set aside the verdict, for the alleged mis-

conduct of a juror. The evidence in support of this motion consists of the testimony of Nathan H. Gould, a nephew of the defendant, Erskine, who says that the juror in question spoke to him about the affray soon after its occurrence; that the witness asked him which of the parties was most to blame, to which he replied that, according to what Hurd stated, he thought Erskine was. The juror denies that he had such conversation, or that any person of the name of Hurd communicated any thing to him about the affray. It is not clear, upon the evidence, that the juror made the statement imputed to him; but if he did, it furnishes no ground for disturbing the verdict. The juror was interrogated, at the time he was impanneled, and admitted that he had heard the subject talked about, but stated that he had formed no opinion upon the merits of the case. If the statement was made, as testified to by Gould, it can hardly be said to amount to the expression of an opinion, or to indicate any bias. A remark of that kind might have been made three years before the trial, as was this, if made at all; and the occasion of making it, the information on which it was founded, and all impressions on his mind, in relation to the subject, have disappeared. Upon the evidence, such was the fact in this instance, if the conversation ever occurred as stated.

Upon all the grounds of exception taken, the plaintiff is entitled to judgment upon the report, as modified by the verdict, against both defendants for the amount of damages assessed by the jury.